IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DADDY DEL'S LLC., an Idaho limited liability company, )<br>)<br>  Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>AGRICULTURE, et al., )<br>)<br>  Defendants. )<br>) | Case No. CV04-394-S-EJL<br><br>MEMORANDUM ORDER |

Plaintiff, Daddy Del's LLC, brings this civil action against Defendants United States Department of Agriculture, et al., asking the Court to grant declaratory and injunctive relief upon finding that Daddy Del's unpatented mining claims include surface rights. (Compl. at 7-8). The United States has moved for summary judgment, and Daddy Del's has opposed the motion and sought leave to file an Amended Complaint. The motions are now ripe. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without a hearing.[1]

**Background**

Daddy Del's is the owner of unpatented placer mining claims located within the Krassel Ranger District of the Payette National Forest (the "Forest Service"). The mining claims were located prior to the enactment of the Surface Resources and Multiple Use Act of 1955 (the "Surface Resources Act" or the "Act"). The Surface Resources Act applies to all unpatented mining claims "hereafter located," that is located after July 23, 1955, the effective date of the Act. 30 U.S.C. § 612(b). "Claims located after the date of the Act are

---

[1] See Partridge v. Reich, 141 F.3d 920, 926 (9th Cir.1998) (holding that "a district court can decide [summary judgment] without oral argument if the parties . . . . ha[ve] had an adequate opportunity to provide the trial court with evidence and a memorandum of law").

MEMORANDUM ORDER - Page 1

subject to express statutory limitations on the miner's rights of use and possession." United States v. Campbell, 42 F.3d 1199, 1203 (9th Cir. 1994).

The Surface Resources Act, however, also provides for a procedure whereby pre-1955 surface rights that are in conflict with the Act's limitations or restrictions may be extinguished. Id. Specifically, § 613 sets forth a detailed process for providing notice to holders of pre-1955 mining claims for the purpose of affording a claimant the opportunity of responding and participating in proceedings to determine the claimant's rights. If a mining claimant fails to file a verified statement in response to a notice of opportunity to do so, the claimant's surface rights, with one exception, may be waived and relinquished to the extent such surface rights are contrary to or in conflict with the limitations or restrictions specified in the Act. The one exception, as set forth in § 613(e), precludes extinguishment of surface rights when the mining claimant has not been personally delivered or mailed a copy of a notice for determination of surface rights as required by § 613(a).

A dispute developed between Daddy Del's and the Forest Service regarding Daddy Del's right to use, and to limit access to, the mining claims. In September of 2000, an employee of the U.S. Department of the Interior, Bureau of Land Management (the "BLM") stated in correspondence that Daddy Del's mining claims "were overlooked when the county records were reviewed during the surface rights determination process" and that the "claims are regarded as having surface rights until either a new surface rights determination is completed, or a mineral examination is performed to determine if the claims are supported by a discovery under the mining laws." (Compl. Ex. A).

Proceeding under the assumption that Daddy Del's mining claims retained surface rights, the Forest Service initiated an administrative proceeding to establish that certain activities and efforts to limit public access by Daddy Del's were contrary to the applicable statutes and regulations. This process culminated in an Appeal Decision issued on February 10, 2004, wherein the Deputy Regional Forester stated that "[r]egardless of whether or not surface rights exist for the claims, use and occupancy of the surface of National Forest System lands must be authorized in accordance with regulations . . . ." (Compl. Ex. D). Consequently, the Appeal Decision upheld the District Ranger's determination that because

the "surface uses on Daddy Del's claims are not authorized by an approved plan of operations or other permit," the removal of certain facilities on Daddy Del's mining claims was proper. (Id.).

On August 4, 2004, Daddy Del's filed this lawsuit, seeking a declaratory judgment that the "surface rights associated with the [mining] claims have not been extinguished, because Defendants have not completed the procedures required by 30 U.S.C. § 613 [of the Act]." (Compl. at 7). Based on the existence of the surface rights, Daddy Del's also requests a determination that the Appeal Decision is "contrary to law and arbitrary and capricious," and asks for an injunction "requiring Defendants to return any items removed from the claims" and "prohibiting Defendants from further interfering with Plaintiffs' surface rights." (Compl. at 8).

Subsequently, on December 9, 2004, the BLM transmitted a letter to Daddy Del's counsel, referencing the letter of September 7, 2000, and stating that "[a]fter reviewing the BLM file documents and receiving additional documentation from the Forest Service, we found that these claims fall within the Krassel Determination Area (IDA-07553), which was closed in 1968 with no claims retaining surface rights." (Mot. Summ. J. Ex. 2). Defendants then moved for summary judgment, asserting that the 1968 Decision of the Acting Land Office Manager for the BLM (the 1968 Decision") conclusively established that all mining claims in the Krassel Area, including Daddy Del's mining claims, lack surface rights.

Daddy Del's has opposed the Motion for Summary Judgment and in doing so has clarified the scope of its lawsuit in certain respects that are critical to the resolution of this matter. First, as is apparent from the Complaint, Daddy Del's has confirmed that all its causes of action are predicated upon a finding that the surface rights of the mining claims have not been extinguished. (Resp. at 2). Second, while initially arguing that the statute of limitations did not bar a challenge to the 1968 Decision, Daddy Del's ultimately chose not to attack the validity of the 1968 Decision. (Supplemental Resp. at 3 (stating that "Daddy Del's does not seek to challenge the 1968 Decision . . . . [it] simply seeks a declaration of whether, pursuant to 30 U.S.C. § 613(e), the 1968 Decision is inapplicable to it.")). Instead, as set forth in the Complaint, Daddy Del's seeks only a declaratory judgment that the surface

MEMORANDUM ORDER - Page 3

rights fall within the exception contained in § 613(e) of the Surface Resources Act. (Id.; see also Supplemental Resp. at 5 (stating that "Daddy Del's seeks only a declaration of its rights under 30 U.S.C. § 613, and does not directly challenge the 1968 Decision.").[2]

## Discussion

1. Motion for Summary Judgment

Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Adams v. Synthes Spine Co., 298 F.3d 1114, 1116-17 (9th Cir. 2002). Interpretation of a statute, however, is a question of law. ILWU v. Meese, 891 F.2d 1374, 1379 (9th Cir.1989).

As framed by the parties' briefing, the resolution of the Defendants' Motion for Summary Judgment will turn on the interpretation of § 613. In that regard the Court notes that when analyzing a statute it must compare the language used in different sections and read the statute "as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous." See, e.g., Boise Cascade Corp. v. EPA, 942 F.2d 1427, 1432 (9th Cir. 1991) .

Daddy Del's insists that § 613(e) preserves from extinguishment the surface rights of any mining claimant that did not receive personal notice of the § 613 proceedings where the government agency "had actual knowledge of the mining claims . . . and the identity of the owners of the claims." (Supplemental Resp. at 2). Daddy Del's asserts it has submitted evidence that at a minimum creates a genuine issue of material fact as to whether the "Forest Service in fact possessed actual knowledge of the existence and identity of Daddy Del's predecessors in interest." (Supplemental Resp. at 3). Consequently, Daddy Del's argues that § 613(e) bars the application of the 1968 Decision to defeat its surface rights claim.

---

[2] "For purposes of summary judgment, the courts have treated representations of counsel in a brief as admissions" and binding on that party. American Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226-27 (9th Cir. 1988).

MEMORANDUM ORDER - Page 4

Defendants, on the other hand, contend that § 613 cannot be construed in the manner suggested by Daddy Del's. Accordingly, Defendants believe that the evidence Daddy Del's has submitted regarding the Forest Service's alleged knowledge of the mining claims, while possibly relevant to the 1968 Decision,[3] has no relevance under § 613 and that therefore summary judgment must be entered in their favor.

In support of its argument, Daddy Del's relies on the language of § 613(e), which provides that

> (e) Failure to deliver or mail copy of notice
> If any department or agency requesting publication shall fail to comply with the requirements of subsection (a) of this section as to the personal delivery or mailing of a copy of notice to any person, the publication of such notice shall be deemed wholly ineffectual as to that person or as to the rights asserted by that person and the failure of that person to file a verified statement, as provided in such notice, shall in no manner affect, diminish, prejudice or bar any rights of that person.

There is no dispute that § 613(e) exempts from extinguishment the surface rights of any mining claimant who was entitled to "personal delivery or mailing" of the notice for determination of surface rights but did not receive it. Then, as directed by § 613(e), Daddy Del's looks to § 613(a) for the purpose of identifying the persons who are entitled to personal notice. Daddy Del's asserts that § 613(a) "required the Interior Department to deliver personal notice of the surface rights determination proceeding to any person known to the requesting department or agency . . . to be 'in possession or engaged in the working of the land' in question." (Supplement Resp. at 2, fn.1). Because Daddy Del's has submitted evidence which it contends put the relevant agency on notice of ownership, it argues that its predecessors in interest were entitled to personal delivery or mailing of the notice for determination of surface rights.

Review of the statutory language, however, shows that the personal notice requirement of § 613(a) is more specific than suggested by Daddy Del's. Section 613(a) sets forth three scenarios that require the relevant agency to notify a mining claimant by personal

---

[3] Defendants argue, however, that any challenge to the 1968 Decision is barred by the statute of limitations. Because Daddy Del's has expressly disavowed any attack on the validity of the 1968 Decision, the Court need not resolve this issue.

MEMORANDUM ORDER - Page 5

delivery or mailing of the procedure for determination of surface rights. If a mining claimant does not fit within one of the three categories, then § 613(a) provides for notice by publication, with the publication occurring for nine consecutive weeks.

The first situation requiring personal notice is described with particularity in § 613(d), and applies when a person has filed in the appropriate county office a request for a copy of a notice for determination of surface rights. Daddy Del's does not contend that it falls under this provision. Second, if "tract book indexes" were maintained in the "county office of record," mining claimants who are identified by such tract book indexes are entitled to a mailed notice. The record shows that no tract book indexes existed for the mining claims now held by Daddy Del's.[4]   (Decl. of James D. Egnew, Ex. 2, Enclosure 7).

The third method for identifying a mining claimant entitled to personal notice involved an examination of the relevant property by a person over twenty-one years of age, who was required to file an affidavit that, among other things, declared that the "affiant or affiants have examined the lands involved in a reasonable effort to ascertain whether any person or persons were in actual possession of or engaged in the working of such land." If any person or persons "were so found to be in actual possession or engaged in such working on the date of such examination" the affidavit shall set forth the name and address of any such person unless "through reasonable inquiry" the person's name and/or address cannot be determined. 30 U.S.C. § 613(a). The relevant department or agency must then "cause a copy of [the] notice to be personally delivered to or to be mailed" to those persons "whose name and address is shown by an affidavit filed as aforesaid." Id.

---

[4] The relevant department or agency was required to mail a notice to each person "whose name and address is set forth in the title or abstract company's or title abstractor's or attorney's certificate filed as aforesaid." 30 U.S.C. § 613(a). Daddy Del's has not alleged it was entitled to notice in accordance with these requirements, but points instead to annual assessment affidavits file in the Idaho County Assessor's records for 1954-1957. Daddy Del's, however, does not argue that the Assessor's records are the functional equivalent to "tract book indexes" and, in any event, such an argument would fail in the face of the very specific definition of tract book indexes set forth in § 613(a) ("Tract indexes" as used herein shall mean those indexes, if any, as to surveyed lands identifying instruments as affecting a particular legal subdivision of the public land surveys, and as to unsurveyed lands identifying instruments as affecting a particular probable legal subdivision according to a projected extension of the public land surveys."). Moreover, the annual assessment affidavits were filed in Idaho County and not Valley County, the county where the mining claims in question are located.

MEMORANDUM ORDER - Page 6

Thus, as relevant here, § 613(a) requires personal notice to all persons that an affiant (or affiants) identified, after a reasonable effort, in "actual possession of or engaged in the working of said lands . . . on the date of such examination" and whose name and address could be determined "through reasonable inquiry." There is no dispute that pursuant to the requirements of § 613(a) an affidavit was filed in regards to the Krassel Determination Area and that Daddy Del's predecessors in interest were not listed in the affidavit. (Decl. of James D. Egnew, Ex. 2, Enclosure 4). Under § 613(a), then, Daddy Del's predecessors in interest were not entitled to personal notice.

What Daddy Del's is actually contesting is the "reasonableness" of the affiant's examination of the mining claims. Daddy Del's contends that a "reasonable effort" to examine the mining claims necessarily would have revealed the possession of the same by Daddy Del's predecessors in interest. While such an argument might be relevant to an attack on the validity of the 1968 Decision it does not implicate the exception set forth in § 613(e).[5] As relevant here, § 613(e) is concerned only with the requirement of § 613(a) that personal notice be given to each person whose name and address is listed in the affidavit. Because Daddy Del's predecessors in interest were not listed in the affidavit, they were not entitled to personal notice under § 613(a). As such, § 613(e) does not operate to exempt from extinguishment Daddy Del's surface rights pursuant to the 1968 Decision.[6]

Daddy Del's suggests that the Due Process Clause requires the Court to adopt Daddy Del's interpretation of § 613(e) and § 613(a) to avoid a constitutional violation of its right to notice. The Court disagrees. In addition to personal notice to those mining claimants that had been identified by the affiant, and those persons requesting notice or identified in the

---

[5] In drawing the distinction between a challenge to the 1968 Decision and the intended affect of § 613(e), the Court does not mean to express any opinion as to whether the statute of limitations or the doctrine of res judicata bars any subsequent legal action.

[6] Daddy Del's has not argued that Defendants are estopped from applying the 1968 Decision by the contrary assessment of the BLM employee contained in the September of 2000 correspondence. And, in any event, estoppel may be used against the government only where there is a showing of "affirmative misconduct." United States v. Hatcher, 922 F.2d 1402, 1409 (9th Cir.1991), and where the person seeking estoppel against the government shows that the potential injustice outweighs the possibility of damage to the public interest, and establishes the traditional elements for estoppel, Watkins v. United States Army, 875 F.2d 699, 707 (9th Cir.1989) (en banc).

MEMORANDUM ORDER - Page 7

tract book indexes, § 613(a) provides for notice by publication to all others; with the notice published for nine consecutive weeks. These notice procedures are ample to satisfy any due process concerns. See, e.g., Tulsa Prof'l Collection Servs., Inc. v. Pope, 485 U.S. 478, 490 (1988) (holding that for affected holders of property interest "who are not 'reasonably ascertainable,' publication notice can suffice" under the Due Process Clause).

2. Motion to Amend Complaint

Daddy Del's has moved for leave to amend its Complaint. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." Whether leave to amend should be granted is generally determined by considering the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. See, e.g., Rogstad v. North Slope Borough, 126 F.3d 1224, 1228 (9th Cir. 1997).

Defendants oppose the motion, contending that Daddy Del's proposed amendment is futile. The Court agrees. Here, Daddy Del's has expressly disavowed any challenge to the 1968 Decision. Thus, the proposed modifications to the allegations contained in the Complaint would make no difference to the Court's resolution of the merits of this action. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (holding that a proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.").

3. Summary

Daddy Del's proffered interpretation of § 613(e) and § 613(a) is contrary to the plain language of those provisions. With respect to the Krassel Determination Area, the record shows no genuine issue of material fact that there has been compliance with the notice requirements of § 613(a). There is no dispute that all of Daddy Del's mining claims fall within the Krassel Determination Area. Daddy Del's has expressly disavowed any challenge to the 1968 Decision and the 1968 Decision is valid on its face. In accordance with the 1968 Decision, all surface rights in the Krassel Determination Area have been extinguished. Accordingly, the Defendants' Motion for Summary Judgment must be granted.

### ORDER

Based on the foregoing, and the Court being fully advised in the premises, it is **HEREBY ORDERED** that

1. Plaintiff's Motion to Amend (docket no. 8) is **DENIED** as futile;

2. Defendants' Motion for Summary Judgment (docket no. 10) is **GRANTED** on all Plaintiff's causes of action**;** and

3. This case is **DISMISSED** in its entirety, and the trial scheduled for January 17, 2006 is **VACATED**.

DATED: **September 1, 2005**

_____
Honorable Edward J. Lodge
U. S. District Judge